AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y:
★ MAY 1 2007 ★
TIME A.M. _____

UNITED STATES OF AMERICA
V.
Yuan Zhen Zhu

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR 06-464 (NG)

USM Number: 64010-053

Jonathan Marks, 220 5th Ave., 3rd Fl., NYC 10001
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)  one, two, and three

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 31USC§5332(a)&5332(b)(1) | Bulk Cash Smuggling Out of the United States, a Class D felony | 6/15/2006 | 1 |
| 31USC§5316(a)(1)(A), 5316(b), and 5322(a) | Knowingly Filing a False Report, a Class D felony | 6/15/2006 | 2 |
| 18USC§ 1001(a)(2) | False Statement, a Class D felony | 6/15/2006 | 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) __No Open Count__ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 20, 2007
Date of Imposition of Judgment

s/ NG
Signature of Judge

Nina Gershon, USDJ
Name and Title of Judge

April 25, 2007
Date

DEFENDANT: Yuan Zhen Zhu
CASE NUMBER: CR 06-464 (NG)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**Three (3) Years concurrently on counts 1,2, and 3.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        Yuan Zhen Zhu
CASE NUMBER:      CR 06-464 (NG)

## SPECIAL CONDITIONS OF SUPERVISION

**Defendant shall complete a mental health treatment program, and contribute to the cost for the program.**

*Full financial disclosure.*

DEFENDANT:        Yuan Zhen Zhu
CASE NUMBER:      CR 06-464 (NG)

DEFENDANT: Yuan Zhen Zhu
CASE NUMBER: CR 06-464 (NG)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 300.00 | $ 1,000.00 | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **X**  Lump sum payment of $ __300.00__ due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  **X**  Special instructions regarding the payment of criminal monetary penalties:

**The court imposed a $1,000.00 fine which is due by June 20, 2007.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

**X** The defendant shall forfeit the defendant's interest in the following property to the United States:
**Final Order of Forfeiture attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

KN:EAL
F.#2006R01142
F.#2006V01308

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

~~PRELIMINARY~~
ORDER OF FORFEITURE

Cr. No. 06-464 (NG)

- against -

YUAN ZHEN ZHU,

        Defendant.

- - - - - - - - - - - - - - - X

*Made Final on April 20, 2007.*
s/ NG
USDJ
4-26-07

      WHEREAS, in the above-captioned Indictment (the "Indictment"), the United States of America sought forfeiture of certain property of the defendant YUAN ZHEN ZHU (the "Defendant"), pursuant to Title 31, United States Code, Section 5332(b)(2), as property that was involved in the defendant's violation of Title 31, United States Code, Sections 5332(a) and 5332(b)(1), or property traceable thereto, and/or as substitute property; and

      WHEREAS, on September 14, 2006, the Defendant pled guilty to the Information charging a violation of Title 31, United States Code, Sections 5332(a) and 5332(b)(1), and agreed to the entry of an order forfeiting the sum of ninety eight thousand and nine hundred and forty dollars and no cents ($98,940) in United States currency seized from the defendant on or about June 15, 2006 (the "Forfeited Asset").

2

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of all parties, as follows:

1. The Defendant YUAN ZHEN ZHU consents to forfeit all of his right, title and interest in the Forfeited Asset, pursuant to Title 31, United States Code, Section 5332(b)(2), as property that was involved in the Defendant's violation of Title 31, United States Code, Sections 5332(a) and 5332(b)(1), or property traceable thereto, and/or as substitute property and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

2. The Defendant hereby agrees not to assert any claim or assist any other person to assert any claim to the Forfeited Asset in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of the forfeiture allegation, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, and applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

3. Upon entry of this Order, the United States Attorney General or designee is authorized to seize the Forfeited Asset and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable

3

proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States Department of Homeland Security, Customs and Border Protection shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the Forfeited Asset in such a manner as the Attorney General or his designee may direct.

5. Any person, other than the Defendant, asserting a legal interest in the Forfeited Asset may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

6. The United States shall have clear title to the Forfeited Asset identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental

4

Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.  This Order shall be final and binding only upon the Court's "so ordering" of the order.

9.  The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Elizabeth Latif, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 15th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       March 5, 2006

/s/ NG
HONORABLE NINA GERSHON
UNITED STATES DISTRICT JUDGE